by breach of covenants on the part of prior holders in consideration of which the note was given and a breach of faith on the part of such prior holders in its negotiation.

6. MUNICIPAL COURT OF CHICAGO, § 15*—*when exclusion of evidence of agents of adverse party proper.* The exclusion of the evidence of agents of plaintiff corporation when called for cross-examination under the Municipal Court Act, Hurd's Rev. St., ch. 37, sec. 33 (J. & A. ¶ 3345), by the defendants, in an action on a note on the question of failure of consideration or breach of faith in its negotiation, *held* correct where at the time in question defendants had not yet shown failure of consideration for the note or breach of faith in its negotiation so as to cast upon the plaintiff the burden of showing that it was a holder in due course.

7. APPEAL AND ERROR, § 479*—*when objections to instructions not available.* Where the record is barren of any objection or suggestion with reference to instructions given, defendants cannot complain on appeal of any error in such instructions, but it is counsel's duty to bring the matter to the attention of the court at the time.

---

## Wolf, Sayer & Heller, Appellant, v. T. R. Tessem, Appellee.

### Gen. No. 21,041.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed March 15, 1916.

### Statement of the Case.

Action of replevin by Wolf, Sayer & Heller, a corporation, plaintiff, against T. R. Tessem, defendant. From an order on motion of defendant dismissing the suit and for a return of the property taken under the writ, plaintiff appeals.

On July 11, 1913, a writ of replevin was served on T. R. Tessem, defendant, who on July 17th entered his appearance. On September 4, 1914, upon motion of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and notice thereof, the court dismissed the suit and ordered a return of the property taken under the aforementioned writ.

The record before the Appellate Court (certified to be complete) consisted of the affidavit for repleving, the writ of repleving, the replevin bond, the appearance of the defendant, the motion to dismiss the cause, and the order of dismissal. Although the cause was pending for more than a year at a time it was dismissed, no declaration was ever filed. The record contained no bill of exceptions, stenographic report or statement of facts.

C. C. COLLINS, for appellant.

HERMAN WELK, for appellee; JESSE WILCOX, of counsel.

MR. PRESIDING JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

APPEAL AND ERROR, § 1295*—*when action of court in dismissing action presumed proper.* Where record of action of replevin before Appellate Court, certified to be complete, consists only of affidavit for replevin, the writ, bond, appearance of defendant, motion to dismiss and order of dismissal, which latter was entered after the cause had been pending longer than a year, and no declaration was filed during such time, and there is nothing in the record to indicate why the cause is dismissed, the action of the court in so doing must be presumed to be proper.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.